IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERASMO CEDILLO,

          Plaintiff,                        CV F 06 1348 AWI WMW PC

          vs.                            ORDER DISMISSING COMPLAINT
                                         WITH LEAVE TO
                                       FILE AN AMENDED COMPLAINT

                                   (THIRTY DAY DEADLINE)

CCII CHARVIA, et al.,

          Defendants.

Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Avenal State Prison, brings this civil rights action against defendant correctional officials employed by of the CDCR at the California Correctional Institution at Tehachapi.

Plaintiff claims that the defendants in this case in placed him in "administrative segregation housing" due to safety concerns.   Plaintiff alleges that the basis of this placement was that Plaintiff is from northern California, and this therefore considered "Northern."  Plaintiff also alleges that information came from an unknown source connecting Plaintiff to the "Texas

1    Syndetic."   Plaintiff is no longer housed at Tehachapi.   Plaintiff claims that such placement put

2    him in danger.

3         The Eighth Amendment provides that "cruel and unusual punishment [shall not be]

4    inflicted."   "An Eighth Amendment claim that a prison official has deprived inmates of humane

5    conditions of confinement must meet two requirements, one objective and the other subjective."

6    Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).        The

7    objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the

8    minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825,

9    834 (1994)).  To satisfy the subjective prong, a plaintiff must show more than mere inadvertence

10   or negligence.  Neither negligence nor gross negligence will constitute deliberate indifference.

11   Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The Farmer court

12   concluded that "subjective recklessness as used in the criminal law is a familiar and workable

13   standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as

14   the test for deliberate indifference under the Eighth Amendment.   Farmer, 511 U.S. at 839-40.

15        Plaintiff names seven individual defendants.  Plaintiff does not charge any of the

16   defendants with specific conduct that constitues deliberate indifference as that term is defined

17   above.  Plaintiff does not allege any facts indicating that any of the named defendants were aware

18   of any particular harm to Plaintiff, other than a generalized fear that Plaintiff should not be

19   housed anywhere in the southern part of California.   In order to hold a named defendant liable,

20   Plaintiff must allege facts indicating that they were aware of a particular harm to Plaintiff and

21   acted with deliberate indifference to that harm, resulting in injury to Plaintiff.   Further, the facts

22   alleged indicate that the decision was made in order to protect Plaintiff.  That Plaintiff disagrees

23   with the decision does not, of itself, subject defendants to liability for deliberate indifference.

24        The court finds the allegations in Plaintiff's complaint to be conclusory.   The court has

25   determined that the complaint does not contain a short and plain statement as required by Fed. R.

26

Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support Plaintiff's claim.  Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

1   docket number assigned this case and must be labeled "First Amended Complaint."  Failure to

2   file an amended complaint in accordance with this order will result in a recommendation that this

3   action be dismissed.

4

5

6   IT IS SO ORDERED.

7   **Dated:   June 25, 2008**                    /s/  **William M. Wunderlich**
                                               UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26